UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DAVID ARNOLD, | 3:14-cv-00421-MMD-WGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES FOREST SERVICE, | |
| Defendant. | |

Before the court are Plaintiff's Application to Proceed in Forma Pauperis (Doc. # 1)[1] and pro se Complaint (Doc. # 1-1).

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

---

[1] Refers to court's docket number.

1 (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

The court has reviewed Plaintiff's application and it appears he is unable to pay the filing fee; therefore, his application to proceed in forma pauperis is granted.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of

1 action," it must contain factual allegations sufficient to "raise a right to relief above the
2 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
3 must contain something more...than...a statement of facts that merely creates a suspicion [of] a
4 legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and
5 Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough
6 facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*,
7 556 U.S. 662, 678 (2009).

8 A dismissal should not be without leave to amend unless it is clear from the face of the
9 complaint that the action is frivolous and could not be amended to state a federal claim, or the
10 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d
11 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th
12 Cir. 1990).

13 **B. Plaintiff's Complaint**

14 Plaintiff David Arnold has filed suit against the United States Forest Service. He alleges
15 that "the United States Forest Service has got out of hand, and is running amok, with their
16 "LEO"s (Law Enforcement Officers) ignoring all laws and harassing under color of law all users
17 of the Forests as well as people outside of National Forests including those on private land as
18 inholdings or adjacent to National Forests where they have no jurisdiction or authority." (Doc.
19 # 1-1 at 3.)

20 He contends that on July 4, 2014, a Ranger named A. Newberry in the Toiyabe National
21 Forest, Carson Ranger District, came to Plaintiff's campsite in the Tahoe National Forest,
22 Truckee Ranger District and told Plaintiff that the camping limit was 14 days, starting on July 4,
23 and gave Plaintiff a slip of paper with the geographical coordinates of his campsite for
24 verification. (Doc. # 1-1 at 4.) Plaintiff claims this was harassment, because he had no
25 jurisdiction in the Tahoe Forest. (*Id*.)
26 He asserts that the ranger "had no business bothering [him]." (*Id*. at 5.)

27 Plaintiff goes on to allege that the left the campsite after the weekend and stayed in a
28 hotel, and then went camping at another campsite in the Toiyabe National Forest in the Carson

1   Ranger District, and two days after he arrived, Officer Paul came there and told Plaintiff the
2   camping limit was fourteen days, but he would only give Plaintiff seven days because he knew
3   about Plaintiff's previous camp stay. (*Id*. at 5.) Plaintiff claims this limitation is contrary to the
4   rules, and that the officer told him that if he exceeded the stay he would arrest Plaintiff, impound
5   his vehicle and bring him before a magistrate judge in Sacramento. (*Id*.)  Plaintiff likewise
6   claims this incident constituted harassment. (*Id*.)

7   Plaintiff claims that due to his disabilities, he needed to stay longer than fourteen days
8   and his disability advocate wrote an Americans with Disabilities Act (ADA) request under the
9   Rehabilitation Act (RA) for reasonable accommodation, and to waive the fourteen day limit. (*Id*.
10  at 6.) He also filed a complaint of harassment regarding the incident with officer Paul. (*Id*.)
11  Plaintiff asserts he was given permission by the district to have an open-ended stay while his
12  request for accommodation was pending. (*Id*. at 6-7.) He says he was assured he would not be
13  harassed in the interim. (*Id*. at 7.) He asserts that his requested was granted temporarily until they
14  could make a final determination and work out the details. (*Id*.)

15  Then, on July 22, 2014, another officer came to the campsite, and ordered Plaintiff to
16  leave. (*Id*. at 7.) He claims this constituted harassment. (*Id*. at 8.) He also states that it was
17  discrimination in the use of a National Forest against a disabled person. (*Id*. at 8.) He also claims
18  it violated the orders he had previously received that he could stay in connection with his
19  disability request. (*Id*. at 8-9.) He further contends they were retaliating against him for filing a
20  civil complaint about the previous harassment. (*Id*. at 10.) Plaintiff asserts that their threats to
21  arrest him and seize his belongings and vehicle was also illegal. (*Id*.)

22  **C. Discussion**

23  Plaintiff asserts that the conduct described above constitutes civil harassment, civil
24  discrimination as well as disability discrimination under section 504 of the Rehabilitation Act.
25  (Doc. # 1-1 at 1.)

26  There is no legal basis for Plaintiff's separate claims of "civil harassment" or "civil
27  discrimination." Instead, these theories are subsumed into Plaintiff's claim that his rights were
28  violated under section 504 of the Rehabilitation Act. Section 504 of the Rehabilitation Act

provides:
> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). The Rehabilitation Act incorporates the standards for determining discrimination applied under the Americans with Disabilities Act (ADA). 29 U.S.C. § 794(d).

Thus, a plaintiff bringing suit under section 504 of the Rehabilitation Act must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff has not alleged that he was solely, as a result of his disability, denied the benefits of, or subjected to discrimination under any program or activity receiving Federal financial assistance or a program or activity conducted by any Executive agency or by the United States Postal Service. *See id.*

Moreover, while Plaintiff states that he is disabled, he alleges no facts regarding that disability, including whether he has a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102.

Accordingly, Plaintiffs' complaint will be dismissed without prejudice and with leave to amend to correct the deficiencies noted above, if possible.

### III. CONCLUSION

(1) Plaintiff's Application to Proceed in Forma Pauperis is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense;

(2) The Clerk shall **FILE** Plaintiff's Complaint (Doc. # 1-1); however, the Complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** to correct the deficiencies noted above;

     (3) Plaintiff has **THIRTY DAYS FROM THE DATE OF THIS ORDER** to file an amended complaint remedying, if possible, the defects explained above. Plaintiff is advised that pursuant to Local Rule 15-1, if he elects to file an amended complaint, it shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and shall place the case number above the words "AMENDED COMPLAINT." Plaintiff is cautioned that if he fails to file an amended complaint within the proscribed time period, the action will be dismissed.

**IT IS SO ORDERED**.

August 26, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE