UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID ARNOLD,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES FOREST SERVICE,<br><br>            Defendant. | 3:14-cv-00421-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Amended Complaint, which the court will now screen pursuant to 28 U.S.C. § 1915 (Doc. # 5).[1] After a thorough review, the court recommends that the Amended Complaint be dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed his application to proceed in forma pauperis and proposed complaint on August 13, 2014. (Docs. # 1, # 1-1.) On August 26, 2014, the court issued an order granting Plaintiff IFP status, but after screening the complaint under 28 U.S.C. § 1915, it was dismissed with leave to amend. (Doc. # 3.)

The complaint alleged that Plaintiff was harassed by United States Forest Services rangers regarding his stay in various camp sites. He asserted that he was asked by rangers to leave camp sites because he had exceeded the permissible stay length, but contends that he had sought a reasonable accommodation in light of his disability; therefore, he contended that the rangers' action in making him leave was discriminatory under Section 504 of the Rehabilitation

---

[1] Refers to court's docket number.

1  Act (RA). (Doc. # 1-1.) The court found that Plaintiff's claims for civil discrimination and
2  harassment were subsumed within his claim of an alleged violation of Section 504 of the RA, but
3  that Plaintiff had not sufficiently alleged a disability or facts demonstrating that he was denied
4  benefits of a program receiving federal financial assistance solely because of his disability. (Doc.
5  # 30.) The court gave Plaintiff thirty days leave to amend his complaint.
6  On September 15, 2014, Plaintiff filed an Amended Complaint (Doc. # 5), which the
7  court will now screen pursuant to 28 U.S.C. § 1915.

## II. LEGAL STANDARD

9  28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court
10  determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon
11  which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
12  from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in
13  forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,
14  1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per
15  curiam).
16  Dismissal of a complaint for failure to state a claim upon which relief may be granted is
17  provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same
18  standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended
19  complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review
20  under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,
21  232 F.3d 719, 723 (9th Cir. 2000).
22  In reviewing the complaint under this standard, the court must accept as true the
23  allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),
24  construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the
25  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se
26  complaints are held to less stringent standards than formal pleadings drafted by lawyers, and
27  must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
28  U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

**A. Amended Complaint**

In the Amended Complaint, Plaintiff once again sues only the United States Forest Service. The factual predicate of Plaintiff's Amended Complaint is by and large the same as alleged in the original complaint, *i.e.*, that he was asked to leave various campsites for exceeding the permissible stay length, which he contends was in error and constitutes harassment and discrimination. The Amended Complaint further asserts that Plaintiff has severe mental and physical disabilities that have been declared as such by the Social Security Administration, and specifically references legal blindness, constant pain, a tentative diagnosis of colon cancer, depression, bipolar disorder, OCD and attention deficit disorder, as well as a sleep disorder and other "personality disorders."

Insofar as legal theories are concerned, Plaintiff contends that he is bringing suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, but "reserves leave to amend" to include certain employees to be sued individually in a *Bivens* action. (*Id*. at 2.) He further states that he is seeking a preliminary injunction, "though not injunctive relief as part of the Judgment in this

suit." (*Id*.) He then asserts that he is suing for violations of the U.S. Constitution under 18 U.S.C. § 241 and Section 504 of the RA. (*Id*. at 3.) He subsequently makes reference to the Fourth and Fifth Amendments, the United States Department of Agriculture's disability regulations, 7 C.F.R. § 15e, as well as the United States Forest Service's own regulations, 36 C.F.R. § 200, *et. seq*. (*Id*. at 8.)

Plaintiff includes the following factual allegations: On July 4, 2014, Ranger Newberry came to Plaintiff's campsite in the Tahoe National Forest and told him the camping limit was fourteen days, starting that day. (*Id*. at 19.) He left that campsite after the Fourth of July weekend and then went to another campsite in the Toiyabe National Forest, Carson Ranger District, Huntington Camp # 4. (*Id*.) Two days after he arrived there, on July 12, 2014, Officer Paul told Plaintiff the camping limit was fourteen days in all national forests, but Plaintiff only had seven because of Plaintiff's previous stay over the Fourth of July weekend. (*Id*. at 19-20.) Plaintiff contends this "tacking" is contrary to the applicable rules. (*Id*. at 20.) Plaintiff then asked the officer what the penalty was, and the officer advised Plaintiff it was a citation. (*Id*.) When Plaintiff asked how much, the officer said $300, which Plaintiff asserts is incorrect. (*Id*.) Officer Paul told Plaintiff he could stay seven days and if he was not gone by then, he would be arrested, his vehicle would be impounded and he would be brought before a magistrate judge in Sacramento, which Plaintiff likewise contends is contrary to the law. (*Id*.)

Plaintiff asserts that due to his disabilities and need to "work on getting medical care," he needed to stay longer than fourteen days at this campsite, so on July 14, 2014, he requested a reasonable accommodation to waive the fourteen-day stay limit. (*Id*. at 21.) He also filed a complaint against Officer Paul the following day, on July 15, 2014. (*Id*.) Plaintiff contends that he was given permission to stay beyond the seven days given to him by Officer Paul, and in fact, received an open-ended extension while his request for accommodation was pending. (*Id*.) He further alleges that he was assured he would not be harassed by Officer Paul or other officers. (*Id*. at 21-22.)

On July 22, 2014, another officer came to Plaintiff's campsite while he was working on the generator of his RV, and ordered him to leave within fifteen minutes. (*Id*. at 22.) He

1  mentioned he knew about Plaintiff's request for accommodation, and also knew Plaintiff had
2  complained about Officer Paul, as well as the fact that Plaintiff had been camping over the
3  allotted number of days. (*Id.*) Plaintiff ended up having to leave the campsite in a hurry.

4  Plaintiff claims the foregoing conduct was done with the intention to harass and
5  discriminate against him. (*Id.* at 24.)

6  In his first cause of action, Plaintiff alleges that all members of the public have a right to
7  use and enjoy public land, and that the United States Forest Service's policies must be applied
8  equally to all members of the public pursuant to the Due Process Clause. (Doc. # 5 at 9.) He
9  contends that Officer Paul ascribed a different rule just for Plaintiff, when he only allowed
10 Plaintiff to stay at his campsite for seven days when the occupancy stay is fourteen days. (*Id.*) He
11 asserts that this violated his right to equal protection. (*Id.*)

12 In his second cause of action, Plaintiff alleges that he filed a reasonable accommodation
13 request to waive the fourteen day camping limit to stay longer so that he could get medical care,
14 and filed a complaint against Officer Paul regarding the incident described above. (*Id.* at 11.)  As
15 indicated, *supra,* he asserts that this request was tentatively approved, and it was ordered that
16 Officer Paul not to make contact with Plaintiff. (*Id.* at 11-12.) Another officer subsequently came
17 and ordered Plaintiff to leave his campsite. (*Id.* at 12.) He contends that this was done to harass
18 and discriminate against him and was in retaliation for complaining about Officer Paul. (*Id.* at
19 12-13.)

20 In his third cause of action, Plaintiff alleges that being forced to leave his campsite
21 destroyed his reasonable accommodation request. (*Id.* at 15.) He contends he was labeled as a
22 poor disabled person, and the officers were biased against him due to their perception of his
23 poverty and disability. (*Id.* at 15-16.) He contends this has exacerbated his disability and medical
24 needs. (*Id.* at 16.)

25 In his request for relief, he seeks permission to be at the campsite, general, special and
26 punitive damages, attorney's fees and costs. (*Id.* at 27-28.)

27 Finally, Plaintiff requests an immediate injunction ordering Defendant to suspend all of
28 those who acted against Plaintiff, and ordering Plaintiff has a right to stay at whatever campsite

he chooses for an indefinite period of time. (*Id*. at 28.) He also seeks an award of immediate payment in the amount of $100,000. (*Id*. at 29.)

**B. Analysis**

    **1. FTCA**

Under the FTCA, federal courts have exclusive jurisdiction to hear:
> Civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Before a plaintiff may bring an action under the FTCA, he or she must timely exhaust administrative remedies. *See* 28 U.S.C. § 2675; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1019 (9th Cir. 2007). The administrative claim prerequisite is jurisdictional. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Plaintiff does not allege he has exhausted administrative remedies.

Even if Plaintiff alleged he timely exhausted his administrative remedies, he fails to state a claim upon which relief may be granted. Plaintiff's allegations that he was required to leave a campsite because the officers inappropriately calculated the length of his stay (when they allegedly perceived him as poor and disabled and knew he complained about previously being told to vacate his campsite) do not amount to a cognizable tort claim under Nevada law; therefore, he has not stated a colorable claim under the FTCA here.

For these reasons, this claim should be dismissed with prejudice.

    **2. Section 504 of the RA**

As Plaintiff was previously advised, Section 504 of the RA provides:
> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. The RA incorporates the standards for determining discrimination applied

under the Americans with Disabilities Act (ADA). 29 U.S.C. § 794(d). A plaintiff bringing suit under section 504 of the RA must therefore allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff, once again, does not allege that he was denied benefits or subject to discrimination under a program receiving federal financial assistance *solely as a result of his disability*. Instead, his allegations assert that he was advised to leave his campsite because the rangers improperly calculated the length of his stay by inappropriately including days he stayed at a previous campsite, and the second time, in retaliation for filing a complaint against the first officer. He also contends they were biased against him because of his poverty as well as his disability. He cites various reasons as to why he was made to leave his campsite, which reveal that the sole reason was not his alleged disability. As a result, this claim should be dismissed. His allegations make clear that further amendment would be futile; therefore, the dismissal should be with prejudice.

**3. 18 U.S.C. § 241**

18 U.S.C. § 504 is a criminal provision concerning a conspiracy to deny a person of their civil rights; but, does not private any private civil cause of action. Therefore, this claim is inappropriately asserted in this civil action and should be dismissed with prejudice.

**4. Equal Protection/Due Process**

Plaintiff contends that the Forest Service's policies must be applied equally to all members of the public, but he was ascribed a different policy when he was told he could only stay at the camp site for seven days when the occupancy limit is fourteen days.

Federal employees acting pursuant to federal law are not acting under color of state law so as to be subject to an action under 42 U.S.C. § 1983. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). "*Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the

- 7 -

1  general federal-question jurisdiction of the federal courts[.]" *Butz v. Economou*, 438 U.S. 478,
2  486 (1978). That being said, a *Bivens* action will not lie against the United States, agencies of the
3  United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486
4  (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157,
5  1173 (9th Cir. 2007). Here, Plaintiff has not named any federal defendant in his or her individual
6  capacity, and he cannot maintain suit against the United States Forest Service.

7  Even if Plaintiff had named an appropriate federal defendant, he has not alleged facts
8  amounting to a violation of either the Due Process Clause or the Equal Protection Clause.

9  The Fifth Amendment provides, *inter alia*, that no person shall be "deprived of life,
10 liberty, or property, without due process of law." U.S. Const., amend V. Plaintiff has not
11 plausibly alleged a deprivation of life, liberty or property or that he was entitled to any particular
12 process as a result of such a deprivation. There is no authority supporting Plaintiff's theory that
13 he was entitled to some sort of process before being asked to vacate his campsite.

14 The Fourteenth Amendment prohibits the denial of "the equal protection of the laws."
15 U.S. Const. amend XIV, § 1. The equal protection clause requires the State to treat all similarly
16 situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).
17 Plaintiff includes no allegations that he was treated differently than those similarly situated to
18 him. His claim is that he was made to leave his campsite before the amount of time allotted in the
19 rules. He does not include allegations regarding how any other person similarly situated to him
20 has been treated differently.

21 Plaintiff has had multiple opportunities to present cognizable claims in connection with
22 these allegations and has failed to do so; therefore, these claims should also be dismissed with
23 prejudice.
24 ///
25 ///
26 ///
27 ///
28 ///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** the Amended Complaint (Doc. # 5) **WITH PREJUDICE**, and that his request for injunctive relief contained within his Amended Complaint be **DENIED AS MOOT**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: March 17, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE