1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID ARNOLD,

Plaintiff,

v.

UNITED STATES FOREST SERVICE,

Defendant.

Case No. 3:14-cv-00421-MMD-WGC

ORDER REGARDING REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE
WILLIAM G. COBB

I.    **SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 6) ("R&R") relating to Plaintiff David Arnold's ("Arnold") amended complaint (ECF No. 5). The Court has reviewed Plaintiff's objections. (ECF No. 10.)  For the reasons discussed below, the R&R is accepted in part. Arnold's amended complaint is dismissed without prejudice with respect to his Rehabilitation Act claim and dismissed with prejudice on all other counts.

II.   **BACKGROUND**

Arnold, litigating *pro se*, filed an application to proceed in forma pauperis accompanied by a proposed complaint on August 13, 2014. (ECF Nos. 1, 1-1.) His complaint centers on the allegations that he was forced, by threat of arrest and seizure of his belongings, to leave his campsite in a national park before the applicable park rules required him to do so.[1] Arnold seeks $1,000,000 in damages, as well as injunctive relief, fees and costs. (ECF No. 1-1 at 13.) On August 26, 2014, the Magistrate Judge

---

[1]Arnold objects to the R&R's characterization that he was asked rather than forced or ordered to leave his campsite. For the purposes of its analysis, the Court will use Arnold's preferred formulation.

granted Arnold's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915. (ECF No. 3.) Arnold's complaint was dismissed without prejudice because it failed to state a claim, and he was given leave to amend to correct the deficiencies noted by the Magistrate Judge. (*Id.*) Arnold filed an amended complaint on September 15, 2014. (ECF No. 5.) Judge Cobb issued the R&R, recommending this Court dismiss the amended complaint with prejudice and deny Arnold's request for a preliminary injunction as moot. (ECF No. 6.)

In his objections, Arnold raises a number of procedural and substantive arguments. He argues that a magistrate judge had no jurisdiction to screen his complaint (ECF No. 10 at 4), that Magistrate Judge Cobb was biased because he had also presided over criminal proceedings against Arnold (*id.* at 7),[2] that the R&R mischaracterizes the allegations (*id.* at 15-17), that his allegations support cognizable claims for relief (*id.* at 22-24), and finally that even if he has not stated claims, his complaint should not be dismissed with prejudice (*id.* at 21). The Court will address each of these objections in turn.

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the report and recommendation to which objection is made." 28 U.S.C. § 636(b)(1). In light of Arnold's objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

---

[2] Arnold additionally requests that the R&R be stricken from the record and Judge Cobb be removed from this case and sanctioned. (ECF No. 10 at 9.)

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Arnold's pleadings with the appropriate degree of leniency.

///

///

///

3

1   IV.   **DISCUSSION**

2       The Court agrees with the R&R's recommendation to dismiss Arnold's amended

3   complaint with prejudice, except with respect to his retaliation claim based on the

4   Rehabilitation Act.

5       A.    **Authority of a Magistrate Judge**

6       As an initial matter, Arnold questions a magistrate judge's authority to dismiss his

7   complaint with leave to amend. Rather than challenge the Magistrate Judge's order

8   when it was issued, however, Arnold filed an amended complaint. In any event, the

9   Magistrate Judge was acting within his authority. Dismissal with leave to amend is non-

10  dispositive and therefore within the authority granted by 18 U.S.C. § 636. The order did

11  not end Arnold's suit, rather, it gave him the opportunity correct his complaint. The Ninth

12  Circuit has recognized the distinction between non-dispositive dismissals and dispositive

13  ones. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("As to non-dispositive

14  matters . . . a magistrate can, for example, dismiss a complaint with leave to amend

15  without approval by the court.").

16      28 U.S.C. § 1915 allows a plaintiff to proceed with a lawsuit without paying a filing

17  fee if the plaintiff is able to show that they are indigent. Courts are required to screen an

18  *in forma pauperis* complaint to determine whether dismissal is appropriate under certain

19  circumstances.[3]  *See Lopez,* 203 F.3d at 1126 (noting that the *in forma pauperis* statute

20  at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis*

21  complaint for the enumerated reasons). Section 1915(e)(B)(ii) directs courts to dismiss

22  the case "at any time" if it determines that the plaintiff has failed to state a claim upon

23  which relief may be granted. Though the word "prisoner" appears throughout § 1915, the

24  requirement that a court dismiss a complaint which fails to state a claim applies to

25  ///

26          [3]Arnold may be confused, understandably, because the Magistrate Judge used
    the term "screening" in the R&R. The Magistrate Judge was acting under the authority of
27  28 U.S.C. § 636(b)(1)(A) and LR IB 1-4, which allows a magistrate judge to "file findings
    and recommendations for disposition by the district judge." In this district, reviews of in
28  forma pauperis complaints are referred to magistrate judges as a matter of course.

1    prisoners as well as non-prisoners proceeding *in forma pauperis*. *See id.* at 1129 *; see*
2    *also see also Calhoun*, 254 F.3d 845.

3        The Magistrate Judge acted within his authority in screening Plaintiff's complaint
4    and amended complaint.

5        **B.   Bias**

6        Arnold asserts that Judge Cobb is biased because Arnold previously appeared
7    before him and appealed a number of his rulings. (ECF No. 10 at 8, 20, 21.) In fact,
8    Arnold goes on to request that Judge Cobb be removed from the case and sanctioned.
9    (*Id.* at 10.)

10       The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455
11   is: "[W]hether a reasonable person with knowledge of all the facts would conclude that
12   the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783
13   F.2d 934, 939 (9th Cir.1986) (quotation omitted). Normally, the alleged bias must stem
14   from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56, 114 S.Ct.
15   1147, 1157, 127 L.Ed.2d 474 (1994). "[J]udicial rulings alone almost never constitute
16   valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the
17   basis of facts introduced or events occurring in the course of the current proceedings, or
18   of prior proceedings, do not constitute a basis for a bias or partiality motion unless they
19   display a deep-seated favoritism or antagonism that would make fair judgment
20   impossible." *Id.*

21       Arnold has not alleged any plausible basis for finding the Magistrate Judge was
22   biased. The R&R explains its reasoning based on Arnold's allegations and the applicable
23   law. Arnold contends that the Court's failure to direct service on defendants and
24   schedule a hearing on his motion for preliminary injunction is evidence of bias.[4]
25   However, this process applies in every case that involves an *in forma pauperis*
26   ///

27         [4]Arnold has included preliminary injunctive relief as a remedy in his amended
28   complaint. He has not filed a separate motion for preliminary injunction. Moreover, whether a hearing is set on such a motion is within the Court's discretion.

application. The court screens the complaint first and only directs service if the complaint states a claim. Indeed, the court may dismiss an action filed *in forma pauperis* before service of process if it is clear that the plaintiff cannot make out a claim. *See, e.g., Cooper v. Sumner*, 672 F. Supp. 1361, 1364 (D. Nev. 1987). In sum, there is no support for Arnold's claim that the Magistrate Judge's conclusions were motivated by any bias.

### C.    Claims

Arnold divides his amended complaint into three causes of action. (ECF No. 5 at 8-17.) The three sections he identifies as causes, however, are not actually three legal bases for a civil claim. Cause 1 and Cause 2 identified several, sometimes overlapping, legal theories, and Cause 3 is a request for a preliminary injunction rather than a cause of action. For the purpose of clarity, the Court will address each of the legal theories he references in his amended complaint separately.

### 1.    FTCA

The R&R finds that Arnold has not stated a claim under the Federal Tort Claims Act ("FTCA") because Arnold has not alleged that he exhausted administrative remedies, as required by the statute, and even if he did, the underlying conduct does not amount to a tort under Nevada law. (ECF No. 6 at 6.) Arnold variously characterizes being forced to leave his campsite as "criminal assault," "terroristic threatening behavior," "harassment," and assault with a deadly weapon. (ECF No. 5 at 1, 14.) Even drawing every inference in his favor, none of these descriptions accurately characterize the interactions with federal officials that he alleges in his amended complaint.

Arnold describes the R&R's conclusion that he has not stated a cognizable tort under Nevada law "ridiculous" because "Nevada law is irrelevant" to his claims. (ECF No. 10 at 19.) The FTCA, however, applies to federal employees "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In other words, the statute relies on state law definitions of torts. In the case of a tort that is alleged to have taken place in a national park, the law from the state in which the park sits governs. *See Muchhala v.*

1  *United States*, 532 F. Supp. 2d 1215, 1226 (E.D. Cal. 2007) ("Here, even though the

2  relevant events took place within the boundaries of Yosemite National Park . . .

3  California tort law provides the applicable substantive law with respect to the underlying

4  tort claim.").

5       The R&R applied the appropriate legal standard to Arnold's FTCA claim and

6  correctly concluded that his allegations do not amount to any cognizable tort under

7  Nevada law.

8                    **2.      Rehabilitation Act and ADA**

9       Arnold alleges that he filed a request to waive his 14-day camping limit in order to

10  "stay longer so that he could get proper medical care." (ECF No. 5 at 11.) Arnold also

11  alleges that his disabilities made it difficult for him to leave his campsite on short notice.

12  (*Id.*) Arnold asserts that his request was initially approved by officials, and he was given

13  permission to stay while the request was considered further. (*Id.* at 11-12.) Two

14  unnamed officers, who were aware of Arnold's request, showed up a few days later and

15  informed Arnold that he needed to leave immediately. (*Id.* at 12.) Elsewhere in the

16  amended complaint, Arnold clarifies the contours of his claim: "note that the present

17  Complaint is not addressing the issue of the Reasonable Accommodation request for

18  Plaintiff's disability, as that has not yet been decided on . . . but only Defendant's actions

19  related to Plaintiff's filing of it and the temporary granting of it." (*Id.* at 15.) In other words,

20  Arnold appears to believe that he was retaliated against for filing a request to

21  accommodate his disability.

22       Arnold cannot state a claim under the Americans with Disabilities Act ("ADA").

23  Neither Title II (public services) nor Title III (public accommodations) of the ADA applies

24  to an executive agency like the United States Forest Service. *See* 42 U.S.C. § 12131,

25  1218; *see also  Isle Royale Boaters Ass'n v. Norton*, 154 F. Supp. 2d 1098, 1135 (W.D.

26  Mich. 2001) ("Plaintiffs may not sue NPS, a unit of the federal government, for

27  discrimination under the ADA"), *aff'd,* 330 F.3d 777 (6th Cir. 2003); *Sandison v. Michigan*

28  *High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1036 (6th Cir. 1995) ("Place of public

accommodation means a facility, operated by a private entity . . . Public school grounds and public parks are of course operated by public entities, and thus cannot constitute public accommodations under title III.").

Section 504(a) of the Rehabilitation Act prohibits discrimination against qualified individuals with a disability "under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). To state a claim under § 504 of the Rehabilitation Act, a plaintiff must show: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (quotations omitted).

The R&R concluded that Arnold's allegations do not support a claim under the Rehabilitation Act — Arnold does not allege that he was forced to leave solely based on his disability, but rather due to a number of factors, including a simple misapplication of the appropriate time limit. (ECF No. 6 at 7.) The R&R is correct that the amended complaint does not clearly state a claim based on a failure to accommodate Arnold in violation of the Rehabilitation Act.

The Rehabilitation Act, however, also prohibits retaliation against claimants for attempting to enforce its protections. Title 42 U.S.C. § 12203(a), which applies to the Rehabilitation Act by the terms of 29 U.S.C. § 791(g), provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." Thus, an individual who opposes discrimination because of a disability by filing a complaint with the agency responsible for investigating such complaints engages in activity protected by the Rehabilitation Act. While this restriction comes up most often in the context of an employer and employee, a number of circuits have recognized that it also applies to public programs. *See Alston v. D.C.*, 561 F. Supp. 2d 29, 40 (D.D.C. 2008) (collecting cases). To state a claim in these types of cases, a plaintiff must allege 1) that she engaged in protected activity, 2) she was

8

1
2
3
subjected to an adverse action by the defendant, and 3) there is a casual connection between. *Id* (noting that the standard is the same for the ADA and the Rehabilitation Act).

4
5
6
7
8
9
10
The amended complaint addresses these factors indirectly and in conclusory manner. As currently written, it does not meet Rule 8's requirements of clarity and conciseness. However, it is not clear from the face of the amended complaint that Arnold will not be able to amend it to present a "short and plain statement" of a claim based on retaliation in violation of the Rehabilitation Act. Therefore, the Court disagrees with the R&R on this limited ground and finds that this claim should be dismissed without prejudice and Arnold be granted leave to amend.

11
### 3.   18 U.S.C. § 241

12
13
14
As the R&R correctly noted, 18 U.S.C. §241 is a criminal statute and does not create a private right of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

15
### 4.   Equal Protection

16
17
18
19
20
21
In order to allege a violation of the Equal Protection Clause, a plaintiff must allege that he or she was treated differently than similarly situated persons. *See, e.g.*,*Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012). Arnold argues "[j]ust because others in the same situation have been treated the same way as plaintiff, does not make it right and just and acceptable and unactionable." (ECF No. 10 at 24.) This simply misstates the standard for an Equal Protection claim.

22
23
The Court agrees with the R&R that Arnold has not alleged any such facts and has failed to state a claim.

24
### 5.   Due Process

25
26
27
28
The R&R finds that Arnold has not pled a cognizable due process claim because, among other things, he has not alleged the loss of liberty or property. Arnold does not dispute the ability of national parks to regulate camping. Rather, he alleges that officers incorrectly applied regulations to him. But, as the R&R correctly noted, the

misapplication did not deprive Arnold of any liberty or property interest. The Court's independent research found no authority which supports the conclusion that a person has a constitutionally protected property right of access to a specific campsite within a national park. Therefore, the Court agrees with the R&R that Arnold has not identified a cognizable due process claim.

### 6.   Fourth Amendment

Arnold has not alleged any search or seizure took place. He alleges that officers threatened to arrest him and seize his belongings if he did not leave his campsite. However, threats alone cannot support a Fourth Amendment claim. *See Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003).

### D.   Additional Arguments

Arnold makes a number of additional arguments and refers, in passing, to a number of additional legal theories. The Court has reviewed these arguments and determines that they do not warrant discussion as they do not affect the outcome of this order.

### E.   Dismissal with or without prejudice

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990). Here, it is not clear from the face of the amended complaint that Arnold would be unable to amend his complaint to state a cognizable retaliation claim in violation of the Rehabilitation Act. While the Court agrees with the Magistrate Judge that Arnold has been given an opportunity to amend his complaint but has failed to assert cognizable claims, the Court will give Arnold another opportunity to amend his complaint. Therefore, Arnold's claim based on a retaliation theory under the Rehabilitation Act is dismissed without prejudice and he is granted leave to amend his complaint, if he so choses, to present a short and plain description of this claim. If Arnold

chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

All other claims are dismissed with prejudice.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted in part.

Arnold's amended complaint (ECF. No. 5) is dismissed without prejudice in regards to his retaliation claim based on the Rehabilitation Act. It is dismissed with prejudice in all other respects.

Arnold may file an amended complaint to allege a claim for retaliation under the Rehabilitation Act within thirty (30) days. Failure to file an amended complaint will result in dismissal with prejudice.

Arnold includes several "motions" in his objections. (ECF No. 10.) These "motions" must be separately filed. In any event, they are denied as moot in light of the Court's dismissal of Arnold's claims.

DATED THIS 13th day of June 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE